**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court, S. D. New York.

May 27, 1977.

Raymond M. Carlson, U. S. Dept. of Justice, Antitrust Div., Washington, D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

EDELSTEIN, Chief Judge:

This opinion arises from a controversy concerning the use of documents in this civil antitrust trial by defendant International Business Machines Corporation (hereinafter IBM) during its cross-examination of government witness John Navas II. The court has issued a ruling from the bench [1] disposing of this controversy and files this opinion to provide further guidance with regard to the subject matter of this dispute.

On February 10, 1977, counsel for IBM identified 21 documents "associated with the witness Navas." [2] Nine of those documents were put before the witness on that day for purposes of having them identified. Counsel for IBM made a general offer of those documents and they were received in evidence.

Pursuant to the court's suggestion,[3] counsel for IBM furnished to government counsel an additional 18 documents which he believed he might use during Mr. Navas' cross-examination. On February 15, 1977, Mr. Navas was again shown documents for the purpose of having him identify them. On that date, government counsel noted it was her view that the documents were being used inappropriately as part of IBM's cross-examination of the witness and should in fact be considered part of IBM's main case.[4] A continuing objection by the government was noted. Government counsel does not claim that the hearsay rule or other exclusionary rule of evidence precludes the receipt of these documents entirely but rather that they are inappropriately used at this time.

Cross-examination continued and an additional 24 documents, after being identified by the witness, were offered and received in evidence.

1. Tr. at 48605–48608.

2. Tr. at 39948, 39953.

3. Tr. at 39960.

4. Tr. at 40040.

Of the documents received in evidence during Mr. Navas' cross-examination, IBM cross-examined Mr. Navas regarding only some of those documents with particularity as to the statements contained therein. As to the other documents, Mr. Navas was merely asked whether the statements purported to have been made by him were in fact made by him.

At the close of cross-examination government counsel requested through the court a statement from IBM counsel of the purpose of the use of a number of the documents on cross-examination. If the purpose was to contradict or impeach, government counsel stated that "the specific portions of the documents as well as the testimony to which counsel for defendant feels has been contradicted or impeached should be stated clearly." [5] The court directed both parties to submit memoranda dealing with the use of documents on cross-examination, including their use for impeachment or contradiction.[6]

The narrow issue before the court is the duty, if any, of a party claiming that documents, received in evidence for their truth, have impeachment value to disclose the specific portions of the documents which purportedly impeach the witness and the specific portions of the witness' testimony which are purportedly inconsistent with statements contained in the documents.

The parties in their memoranda have been unable to find case law controlling this narrow issue. The government contends, however, that the foundation requirements of Rule 613(b) of the Federal Rules of Evidence [7] require IBM, in this instance, to disclose the purported inconsistencies between the statements contained in the documents and the witness' testimony. IBM contends that Rule 613(b) is a rule of admissibility and is inapplicable when the documents have been received, without limitation, for their truth.

The fact that these documents were offered for their truth independent of their impeachment value is in no way dispositive of this controversy. Although the court agrees that Rule 613(b) has no direct application to the issue now before it, the standards of fairness contemplated by Rule 613(b) are certainly apposite to the use of extrinsic evidence of a prior inconsistent statement whether or not that evidence has an independent basis of admissibility. The objectives stated to be behind Rule 613(b) are:

(1) to save time, since the witness may admit having made the statement and thus make the extrinsic proof unnecessary; (2) to avoid unfair surprise to the opposite party by affording him an opportunity to draw a denial or explanation from the witness; and (3) to give the witness himself, in fairness, a chance to deny or to explain the apparent discrepancy. [8]

The second and third of those objectives are as important now as they would be had these documents been offered solely for their impeachment value.

IBM argues that even if the requirements of 613(b) are useful under these circumstances, their use of the documents at trial fully complied with the requirements of the rule. IBM claims that Rule 613(b) abolishes the foundation requirement of directing a witness' attention to prior inconsistent statements before the statement can be received in evidence. Although some commentary on the Rule supports IBM's position,[9] at least two circuits have taken a

5. Tr. at 41310.

6. Tr. at 41319.

7. Fed.R.Evid. 613(b) provides in pertinent part:
   (b) *Extrinsic evidence of prior inconsistent statement of witness.* Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. . . .

8. Hearings before the Subcomm. on Criminal Justice on Proposed Rules of Evidence, 93d Cong. 1st Sess., ser. 2, at 74 (Supp.1973).

9. 3 J. Weinstein, Evidence ¶ 613[04] (1975).

contrary position.[10]

The procedure used by IBM counsel is particularly inappropriate in a trial such as this one which involves a vast amount of testimony and voluminous documentary exhibits. A party which seeks to impeach a witness with prior inconsistent statements must make known to the witness and opposing counsel the specific statements which are purportedly inconsistent.[11] The use of multi-page documents for impeachment purposes without providing specific references to the purported inconsistencies contained therein does not afford the witness an opportunity to explain or deny or the opposing party an opportunity to interrogate him thereon. To the extent that the documents are also used as impeachment material, the witness and the adversary are entitled to specific notice of this intended use as well as the portions of the document and the witness' testimony which IBM alleges are contradictory or inconsistent. Further, IBM's procedure has impaired the ability of the court to weigh the probative value of this witness' testimony.

The court has therefore directed that, within 15 days of the court's May 12, 1977 ruling from the bench, counsel for IBM provide counsel for the government with specific designations of purportedly impeaching material from documents used during the cross-examination of Mr. Navas and as to which defendant did not confront Mr. Navas at trial. These designations shall be correlated to the page and line references to Mr. Navas' testimony which they purportedly impeach. Within 15 days of the receipt of these designations, counsel for plaintiff shall report to the court whether it desires to recall Mr. Navas as a witness in order to elicit testimony regarding these designations.

**10.** *United States v. Truslow*, 530 F.2d 257 (4th Cir. 1975); *United States v. Wright*, 160 U.S. App.D.C. 57, 489 F.2d 1181 (1973).

**11.** The Second Circuit has stated, in the context of Rule 613, that "fairness usually does require that the witness shall be told when and where he made the putatively contradictory statement." *United States v. Williamson*, 516 F.2d 390, 392 (2d Cir. 1975), quoting *United States v. Dilliard*, 101 F.2d 829, 837 (2d Cir. 1938), cert. denied, 306 U.S. 635, 59 S.Ct. 484, 83 L.Ed. 1036 (1939). Here, IBM counsel failed to even identify the putatively contradictory statements.